CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CARNELL CONSTRUCTION CORPORATION, ) ) ) Plaintiff / Counterclaim Defendant, ) ) v. ) ) DANVILLE REDEVELOPMENT & ) HOUSING AUTHORITY, ) ) Defendant / Counterclaim Plaintiff, ) ) v. ) ) BLAINE SQUARE, LLC, ) ) Defendant / Counterclaim Plaintiff, ) ) v. ) ) INTERNATIONAL FIDELITY ) INSURANCE COMPANY, ) ) Counterclaim Defendant. ) | Civil Action No. 4:10CV00007<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Chief United States District Judge |

Following a jury verdict in favor of Carnell Construction Corporation ("Carnell") on its claim of race discrimination under Title VI of the Civil Rights Act, the trial judge granted the defendants' motion for new trial and transferred the matter to the undersigned district judge. The case is presently before the court on Carnell's motion for entry of judgment; International Fidelity Insurance Company's motion for entry of judgment; and Carnell's motion for leave to file a third amended complaint. For the reasons that follow, the court will deny the motions for entry of judgment and grant the motion for leave to file a third amended complaint.

## Background

In March of 2008, the Danville Redevelopment & Housing Authority ("DRHA") solicited bids for the site preparation work required to develop Phase 4 of the Blaine Square Hope VI Project in Danville, Virginia. Carnell, a minority-owned site preparation and construction firm, submitted the lowest bid. DRHA accepted Carnell's bid, and on May 27, 2008, DRHA and Carnell entered into a contract for the site preparation work.

Shortly after executing the contract, DRHA assigned its interest in the contract to Blaine Square, LLC ("Blaine Square"), but DRHA continued to manage the project. International Fidelity Insurance Company ("IFIC") issued a performance bond to Carnell, and thereby acted as Carnell's surety.

As the construction project progressed, Carnell's costs exceeded expectations and the parties encountered numerous delays. Carnell and DRHA accused each other of breaching the contract and Carnell accused DRHA of race discrimination. Although Carnell and DRHA agreed to enter into mediation, they were unable to resolve their differences.

On May 14, 2009, DRHA directed Carnell to stop working on the project. DRHA rejected subsequent invoices from Carnell and ultimately declared a contractor default under the performance bond.

Carnell commenced the instant action against DRHA on February 17, 2010, asserting a claim of race discrimination under 42 U.S.C. § 1983 and a supplemental claim of breach of contract. The following day, Carnell filed an amended complaint, in which it substituted a claim of race discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, in place of the § 1983 claim asserted in the original complaint.

On September 16, 2010, Carnell sought leave to amend its complaint a second time. The trial judge granted the motion, and Carnell filed its second amended complaint on October 18, 2010. The second amended complaint added Blaine Square as a defendant and asserted an additional claim of quantum meruit.

The defendants answered each of the amended complaints and filed counterclaims against Carnell for breach of contract. Additionally, the defendants added IFIC as a counterclaim defendant and asserted a claim under the performance bond.

DRHA and Blaine Square subsequently moved for summary judgment against Carnell, and DRHA and IFIC filed cross-motions for summary judgment. On January 27, 2011, the trial judge granted the defendants' motion with respect to Carnell's quantum meruit claim, but denied the motion with respect to Carnell's claims of race discrimination and breach of contract. Additionally, the trial judge denied IFIC's motion for summary judgment and granted DRHA's cross-motion for partial summary judgment on the performance bond claim.

Less than a month before trial, Carnell moved to amend its complaint to add a claim under 42 U.S.C. § 1981. The trial judge denied the motion on January 28, 2011, finding that it came "entirely too late."

The jury trial commenced on February 7, 2011. During trial, Carnell filed a motion to amend the complaint to conform to the evidence presented at trial. Specifically, Carnell sought to add a claim of retaliation under Title VI against DRHA, based on trial testimony provided by a member of DRHA's Board of Commissioners. The trial judge ultimately denied the motion, finding that it would be "inappropriate," given the "posture of [the] case," to add a claim of retaliation on the basis of the board member's testimony.

On February 17, 2011, the jury returned a verdict against DRHA in the amount of $3,168,341.14 on the race discrimination claim. The jury also found that Carnell, DRHA, and Blaine Square breached the contract, but the jury did not award any damages for those claims. In addition, the jury found in favor of IFIC on DRHA's counterclaim against the bond.

After trial, DHA and Blaine Square filed a motion for judgment as a matter of law or, in the alternative, motion for new trial. To support the motion, the defendants raised the following arguments: (1) that Michael Scales, Carnell's president and sole shareholder, and Vincent Scales, Carnell's project manager, provided false testimony at trial; (2) that the damages awarded by the jury were not recoverable under Title VI, and that even if the damages were recoverable, the evidence of such damages was inadmissible and/or did not support the verdict; (3) that the jury was improperly selected, maintained, and instructed, and that the jury was poisoned by improper comments of plaintiff's counsel; (4) that the jury's verdict on the breach of contract claims was inconsistent; and (5) that evidence related to McGuireWoods Consulting should have been admitted.

By memorandum opinion and order entered May 2, 2011, the trial judge denied the defendants' motion for judgment as a matter of law and granted their motion for new trial. After reviewing the relevant evidence, the trial judge found that Michael and Vincent Scales provided false testimony at trial; that the defendants were taken by surprise when the false testimony was given; and that, absent the false testimony, the jury's verdict might have been different. Specifically, the trial judge emphasized that "[o]ne of the jury's main lines of inquiry with the Court during their deliberations concerned Carnell's future ability to obtain a bond," and that "[i]f the jury had known that much, if not all, of Carnell's previous [Virginia Department of

Transportation] work was unbonded, it is likely the jury would not have awarded damages in the amount it did." (Corrected Mem. Op. at 22; Docket No. 219). Having concluded that a new trial was warranted on the basis of the false testimony, the trial judge declined to address the other arguments raised by the defendants in support of their motion for new trial.

The case was subsequently transferred to the undersigned judge, and a new scheduling order was entered on May 19, 2011. Pursuant to that order, the case is scheduled to be retried on December 5, 2011, and the parties have until October 21, 2011 to complete additional discovery.

As indicated above, the matter is presently before the court on the motions for entry of judgment filed by Carnell and IFC, and Carnell's motion for leave to file a third amended complaint. The court held a hearing on the motions on June 20, 2011.

## Discussion

### I. Motions for Entry of Judgment

Carnell and IFIC have filed motions for entry of judgment pursuant to Rules 54(b) and 58(d) of the Federal Rules of Civil Procedure. Carnell seeks entry of judgment in its favor on the counterclaim for breach of contract filed by DRHA and Blaine Square, and IFIC seeks entry of judgment in its favor on the performance bond counterclaim filed by DRHA. To support its motions, the counterclaim defendants argue that the trial judge granted a new trial solely on the basis that the jury was presented false testimony to support Carnell's claim for damages under Title VI, and that the trial judge's opinion "in no way grants . . . a new trial on [the counterclaim] against IFIC" or the counterclaim against Carnell. (IFIC's Br. at 5; Docket No. 225).

Having carefully reviewed the order granting a new trial and the trial judge's memorandum opinion, the court is unable to agree with the counterclaim defendants. The order

entered on May 2, 2011 wholly granted the defendants' motion for a new trial, and there is nothing in the opinion or order that can be interpreted as limiting the claims or issues to be retried. While the trial judge's opinion focused exclusively on the defendants' argument that Carnell's primary witnesses provided false testimony to support Carnell's claim for damages under Title VI, the trial judge specifically acknowledged that the defendants advanced additional grounds for a new trial, some of which included alleged errors that permeated all aspects of the trial and the jury's verdict on all four claims. Having concluded that a new trial was warranted on the basis of the false evidence, the trial judge found it unnecessary to address the alternative arguments asserted by the defendants.

For these reasons, the court is convinced that the May 2, 2011 order granted a new trial on all claims. Consequently, the case will be retried in its entirety.[1]

## II. Motion For Leave to File a Third Amended Complaint

Carnell has also filed a motion for leave to file a third amended complaint. Specifically, Carnell seeks to add: (1) a claim of race discrimination under 42 U.S.C. § 1981 against DRHA and Blaine Square; (2) a claim of race discrimination under Title VI against Blaine Square; and (3) a claim of retaliation against DRHA and Blaine Square under § 1981 and Title VI.

As noted above, Carnell previously requested leave to amend its complaint to add the proposed claims of retaliation and discrimination against DRHA. When Carnell moved to

---

[1] Alternatively, the court notes that there is a "general presumption against partial new trials," Elcock v. Kmart Corp., 233 F.3d 734, 758 (3d Cir. 2000), and that a partial new trial should be granted only in those cases "where it is plain that the error which has crept into one element of the verdict did not in any way affect the determination of any other issue," Id., or "where the issues to be retried are separate from the rest of the case," Young v. Int'l Paper Co., 322 F.2d 820, 822 (4th Cir. 1963). Applying these standards, the court is convinced that a partial new trial would be improper and that the case must be retried in its entirety.

6

amend the complaint in January to add a claim of discrimination under § 1981, the trial judge denied the motion, finding that it came entirely too late. Likewise, when Carnell moved during trial to add a claim of retaliation as a result of certain trial testimony, the trial judge found that it would be inappropriate to permit the amendment at that stage of the litigation. Because Carnell was previously denied leave to amend its complaint, the resolution of the instant motion requires consideration of Rule 15 of the Federal Rules of Civil Procedure and the "law of the case" doctrine.

Rule 15 provides that leave to amend a pleading should be "free[ly] give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Fourth Circuit explained in Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006), "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426. Consequently, the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id. (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone, without accompanying prejudice, bad faith, or futility, is not a sufficient basis to deny a motion to amend. Johnson, 785 F.2d at 509-510.

The law of the case doctrine "is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." United States v. United States Smelting Refining & Mining Co., 339 U.S. 186, 198 (1950). Application of the doctrine

7

varies depending on whether the ruling at issue was rendered by an appellate court or another district judge. As the Fourth Circuit has noted,

> whether rulings by one district judge become binding as "the law of the case" upon subsequent district judges is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances. It may sometimes be proper for a district judge to treat earlier rulings as binding, sometimes not.

Hill v. BASF Wyandotte Corp., 696 F.2d 287, 290 n.3 (4th Cir. 1982). Accordingly, the doctrine is a "rule of discretion." Smith v. Bounds, 813 F.2d 1299, 1304 (4th Cir. 1987). The court may exercise its discretion to depart from another judge's ruling where one of the following exceptions applies: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Mendenhall v. Nat'l Transp. Safety Bd., 213 F.3d 464, 469 (9th Cir. 2000); see also Konrad v. K Mart Corp., 1996 U.S. Dist. LEXIS 14588, at *9-10 (E.D. N.C. Sept. 12, 1996) (finding, in light of changed circumstances, that a transfer order entered by another district judge should not be treated as binding under the law of the case doctrine).

Applying the foregoing principles, the court finds that in this case, changed circumstances exist which counsel in favor of not treating the original rulings on Carnell's motions as binding, and which warrant granting Carnell leave to amend its complaint. It is apparent from the record that the prior rulings on Carnell's motions to amend were based primarily on the timing of the motions, one of which was filed less than a month before trial and one of which was brought during trial. Now, of course, the posture of the case is considerably different. A new trial has been granted, the discovery period has been extended by several months, and the case is not

8

scheduled to be retried until the end of the year. Thus, the primary concerns underlying the trial judge's previous rulings are no longer present, and the court is unable to conclude that the defendants will suffer undue prejudice as a result of the proposed amendments. While prejudice can result where a proposed amendment raises a new legal theory requiring additional discovery, "that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." Johnson, 785 F.2d at 510; see Id. (holding that the plaintiff should be granted leave to add a new cause of action on remand, since the "[c]ircumstances will be quite different with a new trial not so imminent").

In reaching this decision, the court recognizes that the new claims of discrimination and retaliation against Blaine Square might create a conflict of interest that would require Blaine Square to obtain new counsel, and that this would, in turn, necessitate alterations to the trial schedule and discovery deadlines. As emphasized during the hearing on the instant motions, the court will amend the scheduling order if necessary to accommodate the needs of the parties, and the court is convinced that such adjustments will alleviate any potential prejudice to Blaine Square. Accordingly, the court will permit Carnell to file a third amended complaint.

## Conclusion

For the reasons stated, the motions for entry of judgment filed by IFIC and Carnell will be denied, and Carnell's motion for leave to file a third amended complaint will be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 27th day of June, 2011.

_____
Chief United States District Judge