IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARNELL CONSTRUCTION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:10-cv-00007 |
| DANVILLE REDEVELOPMENT & HOUSING AUTHORITY, and BLAINE SQUARE, LLC, | ) ) ) ) | By: Hon. Elizabeth K. Dillon United States District Judge |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Pending before the court is a motion by defendant Danville Redevelopment & Housing Authority (DRHA)[1] in which it seeks leave to conduct additional limited discovery prior to the retrial of this matter. (Dkt. No. 836.) For the reasons discussed below, the court will grant the motion in part and deny it in part.

**I. BACKGROUND**

Briefly summarized, this case was appealed after a third jury trial.[2] On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the judgment in part, vacated in part, and

---

[1] DRHA was also previously also identified in the style of the case as "counterclaimant" because it had asserted a breach of contract counterclaim against Carnell Construction Corporation. The jury at the third trial found against DRHA on this claim, *see* Dkt. No. 716 at 3, and that finding was not disturbed on appeal. *See also supra* n.2. Thus, no counterclaim remains in the case, although the style still contains the counterclaim designations for these two parties. In the attached order, the court will direct the clerk to correct the style to omit these designations so that the corrected style appears as set forth above.

[2] At the first trial of this case in February 2011, the jury returned a verdict in Carnell's favor on its Title VI claim of race discrimination against DRHA and awarded more than $3 million to Carnell. The jury also found that Carnell, DRHA, and Blaine Square all breached the contract, but did not award any damages on those claims. (Dkt. No. 219 at 2.) United States District Judge Jackson L. Kiser granted defendants' motion for a new trial and subsequently transferred the case to Chief United States District Judge Glen E. Conrad. (Dkt. Nos. 218–220.) The second trial was held before Judge Conrad in February 2012, and after a hung jury, he declared a mistrial. (Dkt. No. 490.) The third trial was held in August 2012. The jury returned a verdict in favor of Carnell on its contract claims against DRHA, awarding almost $1 million total, but against Carnell on its race and retaliation claims against DRHA. (*See* Dkt. Nos. 716, 724 (jury verdict forms as to liability and damages).) After trial, Judge Conrad reduced

remanded the case to this court for a fourth trial on limited issues. (Dkt. No. 800.)  Specifically, the Fourth Circuit's opinion and mandate required a new trial on Carnell Construction Corporation's (Carnell) race discrimination and retaliation claims against DRHA, and also required a new trial on damages as to two of Carnell's contract claims for unpaid work against both DRHA and Blaine Square.  (*See* Dkt. No. 799 at 44–45 (Fourth Circuit opinion summarizing its holding).)  Nothing in the Fourth Circuit's opinion suggested or required that this court allow additional discovery prior to trial, but the opinion also did not foreclose any such discovery.

In its motion, DRHA requests additional discovery on three main topics: "(1) the website danvillejusticedelayed.com; (2) the financial condition and business of Carnell Construction Corporation and its sole shareholder Michael Scales; and (3) Carnell Construction Corporation's claimed damages for loss of bonding capacity, to include any claims made against bonds issued on behalf of Carnell Construction Corporation to secure payment or performance on other projects."  (Dkt. No. 836 at 1.)  Each of these topics will be discussed separately below.

## II.  DISCUSSION

As noted, the Fourth Circuit's opinion and mandate did neither required nor prohibited additional discovery.  Accordingly, the "well-established" rule applies here that the trial court decides whether to reopen the evidence after remand by an appellate court.  *United States v. Virginia*, 88 F.R.D. 656, 662 (E.D. Va. 1980) (hereinafter *Virginia*); *Kennedy v. Joy Techs., Inc.*, 2008 WL 1985231, at *2 (W.D. Va. May 7, 2008) (citing *Virginia* for the proposition that "whether to allow reopening of the evidence after remand by an appellate court is within the discretion of the trial court").  This court's discretion must be guided, however, by the "strong

---

a portion of the damages (Dkt. Nos. 761–63), and all three parties appealed.  (*See* Dkt. Nos. 764, 767, 769.)  The case subsequently was transferred to the undersigned. (Dkt. No. 817.)

2

institutional grounds for precluding the reopening of litigation." *Kennedy*, 2008 WL 1985231, at *2 (citing *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1212 n.24 (D. Del. 1989)). Those grounds include that "a case is not remanded by an appellate court to give a party an opportunity to supplement the evidence presented at trial" and that, while a party upon remand "naturally would like to bolster its position . . . with its hindsight benefited by" the appellate opinion, "free permission of this practice would result in endless litigation." *E.I. DuPont de Nemours & Co.*, 711 F. Supp. at 1212 n.24 (quoted in *Kennedy*, 2008 WL 1985231, at *2).

In deciding whether to allow additional discovery after an appeal and remand, other courts have looked to a number of factors, including the relevance and importance of the information sought through the discovery, whether the parties were precluded from developing evidence based on an erroneous legal ruling, whether the discovery relates to ongoing events relevant to the claims, and whether such discovery could have been conducted earlier. *See Kennedy*, 2008 WL 1985231, at *2; *see also Virginia*, 88 F.R.D. at 658–59 (allowing post-remand discovery as to certain topics, including an area of inquiry that the court's prior legal ruling erroneously foreclosed, but not on other topics).

In *Virginia*, for example, the court declined to allow discovery of one subject area where the plaintiff had "an adequate opportunity" to conduct discovery on that topic prior to the earlier trial. 88 F.R.D. at 658–59; *see also Kennedy*, 2008 WL 1985231, at *2 (denying requested discovery after remand where party seeking it had not shown why it could not have been obtained earlier). Conversely, where the relief sought on remand requires a consideration of facts as they exist at the time of remand and not as they existed several years in the past, then discovery to update and determine facts as of the relevant date may be appropriate. *See*

3

*MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611–12 (E.D. Va. 2006) (permitting limited discovery after remand so that the parties could update the court on factual developments occurring after the first trial, where those facts were necessary to the court's determination as to whether to grant prospective injunctive relief).

DRHA contends that none of the discovery it seeks now was available to it prior to the third trial. It also argues that all of the information it seeks is highly relevant to the claims and defenses at trial.

Carnell opposes allowing any additional discovery prior to the retrial on a number of grounds. First, Carnell points out that DRHA's prior counsel, in communicating with the former trial judge's courtroom deputy regarding the setting of the fourth trial, stated in an email message that no new discovery would be needed prior to the trial. (Dkt. Nos. 838 at 1–2 & 838-1 (Dec. 18, 2014 email from DRHA counsel Glenn Pulley to Judge Conrad's courtroom deputy clerk).) Carnell argues that DRHA is bound by that representation.[3] (Dkt. No. 838 at 1–2.) Second, Carnell points out that the parties had previously engaged in extensive discovery, including some discovery that occurred after the first trial and related to damages. (*Id.* at 2.) Third, Carnell contends that DRHA has failed to establish any viable reason for what it deems "another bite at the apple" as to any of the three topics. (*Id.* at 5.)

---

[3] The court is not persuaded by Carnell's argument that DRHA is precluded from conducting any additional discovery based solely on prior counsel's statement in an informal email to a court clerk. The court acknowledges the general proposition that "[t]here is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery." *Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 159 (7th Cir. 1996) (quoted in Dkt. No. 838 at 4). The court also recognizes the general rule that a party is bound by the actions of its counsel, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993), and obtaining new counsel does not relieve a party of its prior counsel's agreements. *Cf., e.g., Alston v. Becton, Dickinson & Co.*, 12-cv-452, 2014 WL 338804, at *2 (M.D.N.C. Jan. 30, 2014) ("a delay [in the conduct of discovery] attributed to a change in counsel does not constitute good cause [for an extension of the discovery period] because new counsel is bound by the actions of their predecessor.") (citation omitted). Nonetheless, the court has discretion to consider all factors in a case when determining whether the reopening of discovery should be permitted after remand. For the reasons discussed herein, the court concludes that the limited discovery it permits—which is directly relevant to the damages claimed by Carnell and further limited to a time period since discovery last occurred—is appropriate regardless of prior counsel's emailed statement.

4

A.  The website danvillejusticedelayed.com

DRHA first seeks discovery concerning the website danvillejusticedelayed.com, which appears to be primarily a vehicle for setting forth Carnell's perspective of this litigation and asking for donations to fund Carnell's litigation expenses. DRHA has attached a number of screen shots from the site. The site describes itself as "the informational website" for this lawsuit, and contains a large heading on the home page stating, "JUSTICE DELAYED IS JUSTICE DENIED!" (Dkt. No. 837-1 at 1.) DRHA states that, upon information and belief, the website did not become active until sometime in 2013 and that information has been added to it as recently as March 2014. (Dkt. No. 837 at 3–4.) Thus, according to DRHA, it could not have obtained discovery about the site prior to the most recent trial, which concluded in August 2012. (*Id.*)

DRHA contends that it should be allowed to discover information about the website "including, without limitation, the identification of those who hired the company to design the Website and provided content, who is responsible for maintaining the Website, and who is receiving the money donated through the Website," all topics which it claims are "highly relevant to DRHA's defenses." (*Id.* at 4.) In particular, it contends that information about the website supports its defense that Carnell and Michael and Vincent Scales sought to shape a story of racial discrimination by DRHA when the parties' disagreement was really "a pure contract dispute." (*Id.* at 5.)

Carnell counters that the discovery sought is not relevant to the claims before the court and that it certainly is not relevant as to whether Carnell engaged in protected activity five years prior. It also accuses DRHA of misstating the record concerning the issue of "shaping the story"

5

and of trying to do an "end run around the Fourth Circuit's decision." (Dkt. No. 838 at 8; *see also id.* at 8–10.)

If DRHA were seeking this information in the normal course of discovery, inquiring about the website might well be appropriate, given that discovery is permitted as to "any nonprivileged matter that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In this case, however, which is back for a retrial after an appeal, there are strong policy reasons against the reopening of discovery. *See E.I. DuPont de Nemours & Co.*, 711 F. Supp. at 1212 n.24.

It certainly seems probable, based on DRHA's allegations, that discovery as to the website could not have occurred prior to the last trial because the website did not exist then. Nonetheless, the court has carefully considered the arguments of the parties on this issue and concludes that this area of inquiry is not sufficiently central to the claims or defenses in the case to warrant allowing discovery on it given the case's procedural posture. Even if the website is being run directly by Carnell (or Michael Scales) and even if it is Carnell or Scales who is receiving any funds sent through the website, DRHA has not shown that such evidence would be admissible or that such evidence is so central to any claim or defense in this case that it warrants allowing discovery outside the normal time-frame. Accordingly, the motion for discovery as to the website will be denied.[4]

---

[4] In its reply, DRHA suggests, based on "the probable involvement of Carnell and Michael Scales with the Website" that information about the site should have been disclosed by Carnell in response to DRHA's discovery requests and that Carnell failed to supplement its discovery responses with this information under Fed. R. Civ. P. 26(e). According to DRHA, this failure to disclose "weighs in favor of permitting discovery related to this matter." (Dkt. No. 840 at 8–9.) Carnell has not responded to this argument; thus, the court cannot be certain, as a factual matter, that information about the website is responsive to discovery previously propounded. Moreover, DRHA has not yet filed any motion that would require a finding by the court as to whether or not there was a failure to disclosure such information, and that issue has not been fully briefed. Thus, the issue of whether Carnell has failed to comply with its discovery obligations is not properly before the court at this time.

6

### B. Carnell's (and Michael Scales's) financial and business operations as it relates to damages

As to the evidence concerning damages allegedly resulting from the claims of discrimination and retaliation, DRHA contends that the last time evidence was introduced related to such damages was more than four years ago, at the first trial. (Dkt. No. 837 at 8.) Likewise, the last discovery responses from Carnell addressing damages were served in November of 2011. (*Id.* at 8–9.) Based on this, DRHA contends that "there is good cause to permit DRHA to conduct discovery into the condition of Carnell, including its financial status and its business operations since 2011, [and] including whether it or its management has sought to obtain business from VDOT or others." (*Id.* at 9.) DRHA also seeks permission "to explore the current business activities and employment status of [Carnell's] sole shareholder Michael Scales." (*Id.*)

Carnell responds that DRHA has already taken and received substantial discovery on the topics of both Carnell's financial status and its business operations, describing it as "an extensive and detailed discovery campaign about Carnell's damages." (Dkt. No. 838 at 7.) Notably, though, Carnell does not make the contention that the discovery sought is irrelevant. It posits instead that "DRHA's argument is premised upon the mistaken belief that Carnell's business status has changed[, when it] has not." That may well be true, but the court concludes that it is appropriate to allow DRHA some limited discovery to ascertain that fact for itself, rather than simply requiring DRHA to credit the argument of Carnell's counsel in a brief.

In particular, issues regarding Carnell's continued damages, and especially its efforts to mitigate (or Scales' efforts devoted to other projects in lieu of obtaining work for Carnell), are highly relevant and necessary for a full presentation and vigorous testing of Carnell's claims for damages. *Cf. MercExchange, L.L.C.*, 467 F. Supp. 2d at 611–12 (allowing discovery after remand for purpose of determining appropriate remedy). Particularly since Carnell is claiming,

7

as part of its damages, "the loss of its bonding capacity, lost pay, lost profits, extra effort, [and] damages to its banking relationships," (Dkt. No. 837-8 at 6), and presumably intends to offer evidence that these damages continue through the present, (*see id.* at 8–9 (Carnell's discovery responses served in November 2011 stating that its damages "continue")), the information sought is highly relevant to an element of Carnell's claims.

Accordingly, the motion will be granted insofar as it seeks limited discovery as to the financial condition of Carnell and Michael Scales and their efforts, if any, to limit damages. The time-frame for such discovery shall be further limited from November 2011, when discovery responses on damages were last received by DRHA, through the present.

**C.    Carnell's Bonding Capacity**

Third and finally, DRHA seeks leave to conduct discovery regarding claims against bonds, including claims against Carnell by the Western Virginia Water Authority (WVWA) and Ferguson Enterprises (Ferguson). Carnell complains that discovery about these claims has already been provided, and that, contrary to DRHA's current representations, significant discovery related to these claims has already been conducted. (Dkt. No. 838 at 5.) In support of its contentions, Carnell has attached a number of documents reflecting that DRHA was aware of the claims of WVWA and Ferguson prior to the third trial and thus had the opportunity to conduct discovery on those two claims. (*See, e.g.*, Dkt. No. 838 at 5–6 (discussing attached exhibits); *see also* Dkt. Nos. 838-2 through 838-7.) Based on these documents, Carnell argues— and the court agrees—that DRHA has failed to show that it did not have the opportunity to obtain discovery on this topic previously, at least as to claims by Ferguson and WVWA.

In general terms, though, Carnell's bonding capacity is directly tied to its claim for damages and identified as one of its elements of damages. (*See* Dkt. No. 837-8 at 6.) Because of

8

Case 4:10-cv-00007-EKD   Document 844   Filed 05/22/15   Page 8 of 10   Pageid#: 26006

this—and for the same basic reasons that the court concludes DRHA should be permitted to conduct additional limited discovery regarding Carnell's damages—the court concludes that DRHA should also be permitted to conduct discovery as to Carnell's bonding capacity since November 2011. Specifically, DRHA may conduct limited discovery as to Carnell's bonding capacity from November 2011 through the present, including information as to any bonds sought or issued on behalf of Carnell and any litigation related to those bonds.

The court will impose additional restrictions on the discovery concerning the bonding capacity, however. Specifically, because the court is convinced that DRHA had actual knowledge of the claims by Ferguson and WVWA prior to the last trial and, in fact, did conduct some discovery and gather information as to those claims, the court will not allow additional discovery as to those two specific claims. To summarize then, the court will grant the motion insofar as it relates to Carnell's bonding capacity since November 2011, with the exception of any claims against bonds or related litigation brought by WVWA and Ferguson.

### III. CONCLUSION

For the reasons set forth in this opinion, DRHA's motion for discovery will be granted in part and denied in part. DRHA will be permitted to conduct limited discovery related to Carnell's purported damages for the time period of November 2011 through the present. The scope of the discovery shall be limited to Carnell's claimed damages as to its race discrimination and retaliation claims, its current financial status and status of operations, the current financial status of Michael Scales, and any attempts or efforts by Carnell or by Michael Scales to mitigate any of Carnell's damages. The scope of such discovery may also include, for the same time-frame, information about Carnell's bonding capacity, including any bonds sought or issued on behalf of Carnell and any claims made against any of Carnell's bonds, with the exception of

9

Case 4:10-cv-00007-EKD   Document 844   Filed 05/22/15   Page 9 of 10   Pageid#: 26007

claims by Ferguson or WVWA, which DRHA has already had the opportunity to discover.  The additional discovery shall be completed no later than 30 days prior to the trial date.

No other discovery will be permitted and DRHA's motion will be specifically denied insofar as it seeks discovery related to the website danvillejusticedelayed.com.

Entered: May 22, 2015.

*Elizabeth K. Dillon*
United States District Judge