IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARNELL CONSTRUCTION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:10-cv-00007 |
| DANVILLE REDEVELOPMENT & HOUSING AUTHORITY, and BLAINE SQUARE, LLC, | ) ) ) ) | By: Hon. Elizabeth K. Dillon United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a motion by plaintiff Carnell Construction Corporation (Carnell), in which it seeks to "collaterally estop Defendant/Counterclaimant Danville Redevelopment & Housing Authority [(DRHA)] from raising, arguing, or relitigating issues the jury decided at the third trial." (Dkt. No. 833.) The motion is fully briefed and ripe for disposition. For the reasons discussed below, the court will grant the motion insofar as it requests a ruling that the issues to be tried have been narrowed by prior proceedings in this case. The motion does not seek the exclusion of any specific evidence, however, and thus the court's ruling herein is not an evidentiary one. The parties may file any motions to exclude evidence at the fourth trial by the deadline set forth in the court's scheduling order.

**I. BACKGROUND**

This case was appealed after a third jury trial.[1] On appeal, the United States Court of

---

[1] The third trial was held before Chief United States District Judge Glen E. Conrad in August 2012. The jury returned a verdict in favor of Carnell on its contract claims against DRHA and Blaine Square, awarding almost $1 million total, but against Carnell on its race and retaliation claims against DRHA. (See Dkt. Nos. 716, 724 (jury verdict forms as to liability and damages).) After trial, Judge Conrad reduced a substantial portion of the contract damages (Dkt. Nos. 761–63), and all three parties appealed. (See Dkt. Nos. 764, 767, 769.) After remand by the Fourth Circuit, the case was transferred to the undersigned. (Dkt. No. 817.)

Appeals for the Fourth Circuit affirmed the judgment in part, vacated in part, and remanded the case to this court for a fourth trial. (Dkt. No. 800.) Specifically, the Fourth Circuit's opinion and mandate required a new trial on Carnell's race discrimination and retaliation claims against DRHA, and also required a new trial on damages as to two of Carnell's contract claims for unpaid work against both DRHA and Blaine Square. (*See* Dkt. No. 799 at 44–45 (Fourth Circuit opinion summarizing its holding).)

In its collateral estoppel motion, Carnell argues that the jury in the third trial decided three issues, that none of those three issues were challenged on appeal, and thus that DRHA should not be allowed to contest those issues again. (Dkt. No. 833 at 1, Dkt. No. 834 at 5.) The issues identified by Carnell as conclusively established are that: "(1) Carnell complied with its contract; (2) DRHA breached its contract by failing to pay Carnell for extra work it performed; and (3) DRHA removed Carnell from the project without just cause." (Dkt. No. 833 at 1.)

In its brief, two-page response, DRHA states that it "does not dispute Carnell's articulation of the doctrine of collateral estoppel." (Dkt. No. 841 at 2.) DRHA complains, though, that Carnell has failed to identify the actual evidence it contends may be inadmissible by application of the collateral estoppel doctrine, and that absent such identification, DRHA is unable to "substantively respond" to the motion. (*Id.*) DRHA requests that the court deny the motion, but states that if Carnell identifies specific evidence it seeks to exclude based on collateral estoppel, DRHA wants an the opportunity to respond. (*Id.*)

In reply, Carnell that it has no obligation to specify what evidence should be excluded from trial; instead, collateral estoppel precludes relitigation of the issues Carnell has identified, not any specific evidence. (Dkt. No. 842 at 1–2.) It reiterates its request for a ruling "that Defendants may neither raise, argue, nor relitigate the issues of whether Carnell complied with

2

the contract in question, whether Defendants breached the contract by failing to pay Carnell for extra work, and whether Defendants had any just cause in terminating Carnell from the project." (*Id.* at 3.)

## II.  DISCUSSION

At the outset, the court notes its agreement with the general principle that the issues identified by Carnell are not part of the upcoming trial.  As Carnell notes—and DRHA does not dispute—these issues have been decided in this case and as between these parties.  Whether analyzed under the doctrine of collateral estoppel,[2] the law of the case, or the mandate rule,[3] it is clear from the record in this case, and particularly the Fourth Circuit's opinion and mandate, that the contract claims will not be retried, with the exception of the damages portion of two of the unpaid work claims, and that DRHA's counterclaim, which alleged a breach of contract by Carnell, will not be retried.  It also has been conclusively determined that defendants breached the parties' contract by failing to pay Carnell for extra work and by removing Carnell from the project on June 4, 2009, without just cause.

---

[2] The doctrine of collateral estoppel is a court-developed doctrine that bars a party from "contesting matters that they have had a full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 890 (2008).  It is a "judge-made rule, capable of flexible interpretation to serve the interests of judicial economy by preventing needless relitigation." *Ritter v. Mount St. Mary's Coll.*, 814 F.2d 986, 994 (4th Cir. 1987).  The five *prima facie* elements of collateral estoppel are: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Westmoreland Coal Co. v. Sharpe*, 692 F.3d 317, 331 (4th Cir. 2012) (citation and quotations omitted).  The Fourth Circuit has recognized that the doctrine applies even within the context of the same suit. *Ritter*, 814 F.2d at 992 ("It would be absurd to say that the requirement of a 'prior suit' means that the facts found in a single case cannot bind the parties in that same case.").

[3] The law of the case doctrine "is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950).  "The mandate rule is a specific application of the law of the case doctrine" to cases that have been appealed and remanded. *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007).  It generally bars litigation of issues that were raised on appeal, and of issues that could have been raised before remand, but were not. *Id.*  Exceptions to the mandate rule exist, but none appear applicable here. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993) (noting exceptions, including where "significant new evidence has come to light" or there was a "blatant error" in the prior decision that will result in a "serious injustice" if left uncorrected).

The effect that the limited scope of the retrial will have on the presentation of specific evidence is not raised by Carnell's motion. Obviously, there is a factual overlap in this case between the race discrimination and retaliation claims, which are being retried, and liability for the contract claims, which are not being retried. Thus, some of the same evidence that would have supported the contract claims and defenses may also be relevant to the race discrimination and retaliation claims. In apparent recognition of this fact, DRHA's response asks for a more specific request from Carnell as to the *evidence* that Carnell seeks to exclude from the fourth trial. (*See generally* Dkt. No. 841.) In reply, Carnell has not identified any.

The court does not render any evidentiary rulings as part of its ruling on the collateral estoppel motion, but the parties may file motions in limine at the appropriate time to resolve more specifically the issue of what evidence, if any, should be precluded due to the limited nature of the claims to be retried. Additionally, as part of their proposed jury instructions, the parties may want to suggest an instruction to the jury concerning issues that have already been addressed and decided in the case.

### III. CONCLUSION

For the foregoing reasons, Carnell's motion will be GRANTED insofar as it seeks to preclude litigation of the issues it identifies. The court does not make any specific evidentiary rulings herein.

Entered: May 26, 2015.

*Elizabeth K. Dillon*
United States District Judge